NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

MAY 11 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INDIGO GROUP USA, INC., a California corporation, | No.    14-56429 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-04657-MWF-CW |
| v. | |
| RALPH LAUREN CORPORATION, a Delaware corporation, | MEMORANDUM [*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted May 9, 2017[**]
Pasadena, California

Before:  PREGERSON and FRIEDLAND, Circuit Judges, and LASNIK,[***]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Indigo Group USA, Inc. ("Indigo") developed "cut-and-sew" patterns for denim garments it manufactured for Ralph Lauren Corporation ("Ralph Lauren"). Indigo filed a complaint requesting a declaration of co-ownership in the copyrights to these patterns and an accounting of any profits derived from them. The case went to trial. A jury found that Indigo and Ralph Lauren were co-owners of copyrights in "certain" patterns. Indigo then argued that the jury's finding encompassed every pattern it had created for Ralph Lauren, and Ralph Lauren argued that the case must be limited to the patterns identified in the operative complaint. The district court limited the accounting to the patterns identified in the operative complaint plus a number of additional patterns that had been produced in discovery or discussed at trial.

While the accounting was ongoing, Indigo filed a second complaint against Ralph Lauren. Indigo made the same claims of co-ownership, again requested an accounting, and identified the patterns the district court had excluded from the first case. The district court dismissed Indigo's second complaint without leave to amend under the rule against claim splitting, and Indigo appealed. We review the district court's order for an abuse of discretion, *see Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008), and we affirm.

2

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Id.* (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)). A district court thus has discretion to dismiss a later-filed action if "the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689. The "most important" criterion in this comparison is "whether the two suits arise out of the same transactional nucleus of facts." *Id.* (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)).

The claims here all arise from the same transactional nucleus of facts: Indigo's development of cut-and-sew patterns for Ralph Lauren denim garments. Indigo could have litigated its entire dispute with Ralph Lauren in a single case— indeed, it has repeatedly asserted that it was doing just that. The district court's orders in the first case may also be challenged on direct appeal in that case, and this order is without prejudice to Indigo's doing so. But the district court was well within its discretion to dismiss the second action.

**AFFIRMED.**

3